, .Smith, J.
The facts in this case,briefly stated, are these:
The petition in the case was one filed- by the plaintiff against Mrs. Black and others, for the partition of certain real estate described therein. It avers that he was seized and possessed of the one undivided fifth part of said premises for life, and that four of the defendants named, were each entitled to the one undivided fifth part thereof for life. That the other defendants named, children of the life tenants, and those children which may be born to the life tenants hereafter, are, and will be, the owners in fee of said estate, subject to the estates for life therein of the life tenants named. The petition further sets out in haec verba, the fifth item of the will of William Hieatt, deceased, which it avers was duly admitted to probate by the probate court of Hamilton county,Ohio,April 26, 1866,“a copy of which is hereto annexed, marked ‘Last will and testament of William Hieatt, deceased,’ and made a part hereof, and said will contained among other provisions a residuary clause, as follows;” and then follows item five, under which the parties claim. No other provision of the will was given or set out in the petition in substance or effect. The petition further alleged, that the sale of the premises will be for the benefit of the life tenants, and will do no substantial injury to those owning rights in remainder and expectancy, and that plaintiff desired to lave his interest set off to him in severalty.
*196 He thereupon prayed that thére be set off to him, in severalty, the one-fifth part of said premises, and that partition be made; or if that could not be done without manifest injury, that such proceedings may be had as are authorized by law, and that the court may direct a sale of the said premises free of the rights of all the persons parties to this suit, and of those interested who may yet be born, upon such terms as maybe to the best advantage of all of the parties, and that the proceeds of such sale be paid, or invested for the parties according to their respective interests, and for all proper relief to which the plaintiff, at law or in equity, may be entitled.
The foregoing is the substance of the petition in so far as is relevant to the question submitted.
To this petition a general demurrer was filed, and on the hearing the court of common pleas sustained the demurrer, and the plaintiff not desiring to amend his petition, the action was dismissed at the costs of the plaintiff. He gave notice of appeal to the circuit court, and the case was appealed,- and in this court the question was presented, whether the petition stated a cause of action against the defendants. It was held by the court that it did, and the demurrer to the petition was overruled, and the defendants not desiring further to plead, the court found that the allegations of the petition were true,and rendered a decree, finding that the plaintiff and four of the defendants, (naming them), were tenants in common in the real estate described, each having a legal right to one-fifth part thereof, for his or her life, and that plaintiff was entitled to have partition of said estate as prayed for; and that the rights of the defendants, the children, and issue born or yet to be born of the defendant Mrs. Black, one of the life tenants, attach to the share of said premises to be set off in severalty to her,' and that their rights in the other four-fifth part thereof will be divested — or, in case a sale be necessary, that the- *197 rights of said issue will attach to the proceeds of said sale, and shall be provided for and protected by the further orders of this court in the investment thereof; and a like order was made as to the issue of the other life tenants. It was then ordered, adjudged and decreed by the court, that partition of said premises be made in the proportion above described; one-fifth being set off to each of said five life tenants, “the rights of the parties and persons entitled under the will of William H. Hieatt, deceased, attaching and being preserved as herein before found,” and three freeholders were appointed commissioners to make the same, and it was further ordered, that a writ of partition issue to the sheriff, commanding him that by the oaths of the commissioners above named, “he cause to be set off and divided to each of the above named life tenants, the part and proportion of said estate and premises to which they are severally found entitled, the rights of all other persons attaching as hereinbefore found; and if the same cannot be done without manifest injury to the value of said premises and estate, that then the said premises be appraised at their true value in money, according to the statute in such case made and provided, and of his proceedings herein, the sheriff is ordered to make due return”
This is the substance of the decree entered. The defendants sough t to have this decree reversed by the supreme court, but having failod to file briefs or record in time, it was dismissed by the court.
'A writ of partition was then issued to the sheriff, and his return, and that of the commissioners therein named, show that the premises could not be partitioned as ordered, without manifest injury to the value thereof, and an appraisement was returned as ordered.
In the will of Wm. Hieatt, among other provisions, which may be of importance to the rights of the parties, is this provision: — “And it is further my will and I hereby devise *198 and direct that my said estate shall not be partitioned during the lives or life of my said children, or any of them, unless the same can be done without a sale thereof.”
The opinion of the court as announced, was, that the demurrer to the petition was not well taken — that the petition did state a good cause of action It was clear in our opinion, that if the premises could be aparted among the life tenants according to their -several interests, that the plaintiff was entitled to that relief. But it is also true, that the opinion was expressed by the court, that if partition could not be made, that a sale of the premises might properly be had, — but this was not necessary to the decision of the question submitted.
After the coming in of the report of the sheriff and commissioners, the defendants, or some of them, moved the court for leave to file a supplemental answer, setting up this last provision of the will and the fact that the report shows that partition can not be made by metes and bounds, and therefore, that a sale should not, and can not be legally made by the order of the court.
This is resisted by the counsel for the plaintiff, upon the ground, that this question has been heard and adjudicated by the court, and that it should not again be put in issue.
It is clear that the court has held that the plaintiff was entitled to a partition of these premises if it could be made in this action by metes and bounds, and so ordered. We think that the decree does not find that if partition can not be made, that a sale shall be ordered. It was the opinion of the court, as the matter was then presented, that a sale might be ordered by the court, if the premises were not aparted. But this, in our opinion, is not settled by the decree which was entered.
It is therefore a matter of discretion with the court, whether such answers may now be filed. We doubt whether’ it is'at all necessary that this be done, as in our opinion, *199 the question of the right of the court to order the sale, can be resisted when an application is made to the court for an order of sale, it appearing by the report of the sheriff and commissioners, that the premises can not be aparted. But in view of the fact that the provisions of the will,except one item, are not stated in substance and effect, but the will itself is attempted to be made a part thereof by reference, (which is not good pleading, but which may have been waived by failure to object to it), and there might be difficulty on this point, we are of the opinion that the rights of the parties can be better preserved and protected by allowing such answers to be filed.
A. B. Benedict, for Plaintiff.
Frank Coppock, and Wm. Worthington, for Defendants.